**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA**

      **Appellee,**

v.                                                    **Case No. 3:16cr5**

**TITO A. COLEMAN,**

      **Defendant/Appellant.**

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant/Appellant Tito A. Coleman's Appeal of the Magistrate Judge's Decision to the District Court (ECF No. 20). On January 12, 2016, Coleman noted his appeal from the December 30, 2015 Judgment issued by the Honorable David J. Novak, United States Magistrate Judge, which sentenced Coleman to 8 months' imprisonment, 1 year of supervised release, and a $25 Special Assessment (ECF No. 19). On February 16, 2016, Coleman filed his brief in support of his appeal (ECF No. 26), and on February 27, 2016, the United States filed a brief in response (ECF No. 27). Coleman has not filed a reply brief, and the time to do so has expired. Coleman's appeal presents the following issue: "Whether the sentence imposed was procedurally and substantively reasonable under the circumstances?" (Coleman Appeal Br. 1.)

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B).[1] For the reasons that follow, the Court will affirm the magistrate judge's findings and the sentence imposed.

---

[1] Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government."

## I.     BACKGROUND

On August 3, 2015, the United States filed a two-count criminal information against Coleman alleging: (1) driving a vehicle with a suspended license, second offense in ten years, in violation of 18 U.S.C. § 13, assimilating Va. Code § 46.2-301 (Count One); and (2) driving 62 miles per hour in a posted 45-mile per hour zone, in violation of 32 C.F.R. § 634.25(f), assimilating Va. Code § 46.2-878 (Count Two).[2] On October 16, 2015, Coleman pleaded guilty to Count One, which carries a maximum term of imprisonment of 12 months. The Court dismissed Count Two. The magistrate judge then scheduled a sentencing hearing for December 29, 2015.

Prior to the sentencing hearing, both parties submitted sentencing positions (ECF Nos. 11, 13) and agreed that, based on an Offense Level of 4 and Coleman's Criminal History Category of VI, the applicable United States Sentencing Guidelines (the "Guidelines") range for the conviction was 6 to 12 months. Coleman requested a sentence of a fine or a period of probation. The United States requested a period of incarceration within the applicable Guidelines range.

At the sentencing hearing, Coleman's counsel acknowledged that the Guidelines range should serve as the starting point for the magistrate judge's consideration. (Sentencing

---

[2] The criminal information presented the facts underlying the offense as follows:

> On or about June 13, 2015, in the Eastern District of Virginia at Fort Lee, Virginia, property administered by the Department of Defense, within the jurisdiction of this Court and the special territorial jurisdiction of the United States, defendant, TITO A. COLEMAN, was found operating a motor vehicle on the highways of Virginia, after his license and privilege to operate a motor vehicle had been suspended, this being his second offense in ten years.

> On or about June 13, 2015, in the Eastern District of Virginia at Fort Lee, Virginia, property administered by the Department of Defense, within the jurisdiction of this Court and the special territorial jurisdiction of the United States, defendant, TITO A. COLEMAN, was found operating a motor vehicle on the highways of Virginia in excess of the posted speed limit, to wit: 62 miles per hour in a posted 45 miles per hour zone.

(ECF No. 1.) At sentencing, Coleman's girlfriend, LaShonda Crowder, testified about the circumstances leading up to the traffic stop, explaining that she and Coleman were traveling to Coleman's mother's house in Petersburg, Virginia. (Sentencing Transcript 6:3–7, ECF No. 25.) Crowder explained that, prior to the trip, she experienced a migraine and that, while driving, she felt nauseous and had difficulty seeing. (*Id.* 8:1–4.) Crowder testified that she eventually vomited, causing her and Coleman to change their plans. (*Id.* 8:10–12.) Despite knowing that his license was suspended, Coleman then decided to drive the remaining distance to his aunt's house. (*Id.* 11:4–6.)

Transcript 14:2–7, ECF No. 26.)   Coleman's counsel, nonetheless, requested a downward variance. (*Id.* 23:14–15.)   After Coleman spoke, the magistrate judge discussed Coleman's criminal history, concluding that Coleman's record "is recidivism at its ultimate." (*Id.* 27:21–22.)   The magistrate judge then proceeded to discuss the 18 U.S.C. § 3353(a) factors:

> So looking at the factors in 3553(a) of Title 18, starting with the nature and the circumstances of the offense, and the history and the characteristics of the defendant, we discussed the nature and circumstances of the offense, and I agree with Ms. Vidal as her description of what that offense is.   And I'm not a big fan of this crime to begin with in general circumstances, but that's not the situation here.
>
> The history and the circumstances of this defendant is one with no regard for the criminal justice system or society at all, as demonstrated by his criminal history. The need for the sentence—in Section 2, the need for the sentence imposed, a, to reflect the serious of the offense, to promote the respect for the law, and to provide just punishment for the offense.   We've, again, talked about the offense, and respect for the law is something that this defendant doesn't have.
>
> To afford adequate deterrence to criminal conduct, which fits into respecting the law.   And to protect the public from future crimes of the defendant.   I think his record speaks to that.
>
> Provide the defendant with the need of education or vocational training, medical care, or other correctional treatment in the most effective manner.   I'm going to address that in a—in my supervised release terms.
>
> Kinds of sentences available.   And then Section 4 lays out some of the other aspects here.
>
> So having considered all those factors, and focused mostly on the recidivism, pursuant to the Sentencing Reform Act of 1984, it's going to be the judgment of the Court that the defendant, Tito A. Coleman, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of eight months on Count 1.

(*Id.* 27:23–29:6.)   The magistrate judge's above discussion of the § 3553(a) factors supplemented earlier conversation between the magistrate judge and Coleman's counsel, in which the magistrate judge commented extensively on Coleman's "significant" criminal history. The magistrate judge ultimately sentenced Coleman to 8 months' imprisonment, 1 year of supervised release, and a $25 Special Assessment.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within fourteen days of its entry. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial de novo." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

A district judge should affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (describing the standard of review by a court of appeals of a sentence by a district judge); *United States v. Riley*, 991 F.2d 120, 126 (4th Cir. 1993), *cert. denied*, 510 U.S. 949 (1993). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Diosdado–Star*, 630 F.3d 359, 363 (4th Cir. 2011) (citation omitted).

Absent a significant procedural error, the Court must assess the substantive reasonableness of the sentence imposed. *See id.* A "deferential abuse-of-discretion standard" applies to "any sentence, whether inside, just outside, or significantly outside the Guidelines range." *United States v. Savillon–Matute*, 636 F.3d 119, 122 (4th Cir. 2011) (citation omitted). As the Supreme Court of the United States has cautioned, "[t]he fact that the [reviewing] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

4

### III.   **DISCUSSION**

Coleman challenges both the procedural and substantive reasonableness of his sentence. The Court addresses these arguments seriatim.

### A.   **Procedural Reasonableness**

The magistrate judge's sentence in this case was not procedurally unreasonable. Coleman argues that the magistrate judge's sentence places too much emphasis on his criminal history, "to the exclusion of any other consideration." (Coleman Appeal Br. 11.)  This argument misses the mark with respect to what constitutes a sentencing court's failure to either consider the § 3553(a) factors or adequately explain the chosen sentence.

After properly calculating the advisory guideline range and giving the parties an opportunity to argue for an appropriate sentence, a magistrate "judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."[3] *Gall*, 552 U.S. at 49–50.  That said, sentencing courts are "not required to provide a lengthy explanation or 'robotically tick through § 3353(a)'s every subsection.'"  *United States v. Chandia*, 675 F.3d 329, 341 (4th Cir. 2012) (citing *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011)).  In fact, "[t]o establish the reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record."  *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006).  "This is particularly the case when the district court imposes a sentence within the applicable Guidelines range."  *Id.*  Further, a sentencing court may reasonably give more weight to one of the § 3553(a) factors when fashioning a sentence.  *See United States v. Pauley*, 511 F.3d 468, 476 (4th Cir. 2007) (citing *Gall*, 552 U.S. at 59; *Kimbrough v. United States*, 552 U.S. 85, 100–01 (2007)).

---

[3] Imposing a sentence recommended by the Guidelines does not relieve the magistrate judge of the need to address the § 3553(a) factors. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) ("The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.").  It does, however, limit the scrutiny the reviewing court must provide when assessing the reasoning set forth in support of the sentence imposed. *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) ("The farther the [sentencing] court diverges from the advisory guideline range," the more a reviewing court must "carefully scrutinize the reasoning offered by the [magistrate judge] in support of the sentence.").

Here, the transcript of the sentencing hearing demonstrates that the magistrate judge at least considered—and functionally addressed—each sentencing factor. First, the magistrate judge listened to Coleman's counsel's argument regarding the requested variance and engaged in active conversation throughout the duration of the hearing. (Sentencing Transcript 13–23.) In doing so, the magistrate judge necessarily highlighted the factors he deemed integral to the imposition of Coleman's sentence. The magistrate judge specifically discussed the need to avoid unwarranted sentence disparities, the nature and circumstances of Coleman's offense, and—most notably—Coleman's history and characteristics.

Second, although not required, the magistrate judge actually referenced each sentencing factor in a factor-by-factor fashion when providing a statement of reasons. *See Johnson*, 445 F.3d at 345 (noting that, especially where the sentence falls within the Guidelines range, a district court need not explicitly discuss every sentencing factor on the record). While the magistrate judge's reasoning was, at times, terse, a lengthy explanation was not required with respect to each § 3553(a) factor. *Chandia*, 675 F.3d at 341 (explaining that a lengthy explanation need not be given for each factor). Moreover, although Coleman takes issue with the weight given by the magistrate judge to Coleman's criminal history, the magistrate judge did not abuse his discretion when affording one of the sentencing factors more weight than the others. *See Pauley*, 511 F.3d at 476 (citing *Gall*, 552 U.S. at 59; *Kimbrough*, 552 U.S. at 100–01). Finally, the Court cannot gather from the record, as Coleman suggests, that the magistrate judge's assessment was not individualized. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) ("When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" (quoting *Gall*, 552 U.S. at 50)). Indeed, the magistrate judge's consideration of Coleman's extensive criminal history was plainly specific to Coleman and thus only relevant to the case before the Court.   Likewise, the conversation between the magistrate judge and Coleman's counsel pertained to Coleman specifically. Accordingly, the magistrate judge's sentence in this case was not procedurally unreasonable.

6

**B.**     <u>**Substantive Reasonableness**</u>

The magistrate judge's sentence in this case also was not substantively unreasonable. As articulated above, a "deferential abuse-of-discretion standard" applies to any sentence regardless of where it falls on the Guidelines spectrum. *Savillon–Matute*, 636 F.3d at 122. More importantly here, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Coleman has the burden of rebutting this presumption of reasonableness, *see United States v. Bynum*, 604 F.3d 161, 168 (4th Cir. 2010), which can be accomplished only by showing "that the sentence is unreasonable when measured against the § 3353(a) factors," *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In spite of this presumption and the significant deference owed to the magistrate judge's sentence, Coleman posits that the sentence imposed was substantively unreasonable. (*See* Coleman Appeal Br. 13–15.) This argument falters. As discussed earlier, the magistrate judge placed heavy emphasis on Coleman's criminal history and deemed it significant enough to warrant the imposition of a sentence squarely within the Guidelines range. Critically, even if this Court were to find the magistrate judge's reasoning unpersuasive, "[t]he fact that the [reviewing] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Accordingly, the magistrate judge's sentence in this case was not substantively unreasonable.

## IV.   <u>CONCLUSION</u>

For the reasons stated, the Court will affirm the magistrate judge's findings and the sentence imposed, and Coleman's Appeal of the Magistrate Judge's Decision to the District Court will be denied (ECF No. 20).

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this _____6th_____ day of May 2016.

8